# Washington Construction Company v. Michael Regan.

## Gen. No. 13,344.

ASSUMED RISK—*what within doctrine of.*  While it is true that a servant does not assume all risks which may be incident to his employment, yet he does assume such usual and ordinary risks incident to his employment as the master must rely on him and has a right to expect him to detect and guard against which cannot be obviated by reasonable precautions by the master and where the means of protection are within the servant's own control.

Action in case for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.  Heard in the Branch Appellate Court at the October term,

1906. Reversed and remanded. Opinion filed October 4, 1907. Rehearing denied October 18, 1907.

**Statement by the Court.** Appellee recovered in the Superior Court a judgment for $1,000 damages for personal injuries alleged to have been suffered by reason of the negligence of appellant.

Appellee was employed by appellant and claims to have been injured while laying sewer pipe in a short trench on Oregon avenue, Chicago, connecting with a catch basin. The declaration charges that the trench was dangerous, unsafe and liable to cave in, that its sides should have been shored and braced to prevent caving; that the plaintiff did not know this and that the defendant knew or in the exercise of reasonable care should have known it. The trench was, it is said, about six or seven feet deep, two and one-half to three feet wide at the top and from twenty inches to two feet wide at the bottom. There is some testimony to the effect that after it was dug there was a rain of some hours' duration. The street had at one time been paved with wooden blocks. Subsequently it had been filled about two and one-half feet with cinders, sand and debris above the old pavement and repaved on top of the filling. Appellee claims to have been injured by dirt that fell in on him in consequence of the caving in of one side of the trench while he was laying and cementing a piece of pipe therein. Appellee's testimony is to the effect that he had worked two summers for appellant before the accident, that he was hired as a laborer, that he used to lay pipe when there was any pipe to lay and at other times did some of the digging; that he did not dig this ditch, that he had been working that day about half a block away connecting some old pipe to a catch basin, that before he got into the trench which caved in he had been working "in other holes along that street," that before he got into the one that caved he could see there was no shoring there, that he made no complaint to anyone, but "just jumped right into the hole and started laying my pipe"; that no one gave him any particular instructions as to how to lay that pipe, but only "to go and lay that pipe and

take McManus with me"; that he was connecting a pipe with the sewer when the cave-in occurred and had just sent Mc-Manus to fetch him a piece of pipe. He states that "Mc-Manus and Foster dug that ditch in the forenoon," that after he was hurt he "waited around," that he "did not feel so bad then as I did afterwards and I stayed around from one to about half-past four, when I went for my money," and that he had no bones broken. His alleged helper McManus testified that he dug the ditch himself with the help of another workman and that it had been dug about a day and a half before the accident.

A couple of laborers who testified to having had experience of eleven and fifteen years respectively in digging ditches but knew nothing at all about the accident nor the ditch in question nor the character of the soil there, were called as experts. The first of these, after stating that a ditch such as was described in the hypothetical question should be braced, stated that he "never had experience in bracing a ditch," and the second of these witnesses testified that "a man who is used to digging holes in trenches can tell very well by looking at the soil whether it needs bracing and I think he ought to."

There is abundant testimony in behalf of appellant to the effect that appellee was "hired to handle the shovel," that the ground at the place of the accident is mostly solid soil, that eight similar holes on that street had been dug before the accident by appellee and his partner, that appellee's witness McManus was not at work there at all the day of the alleged accident, that there was plenty of plank on the street there and that if necessary for the hole to be shored, appellee would have done it himself.

JOHN T. FLEMING, for appellant.

B. J. WELLMAN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court. It is contended in behalf of appellant that the judgment

is erroneous, that appellant was entirely cognizant of whatever risk there was of the trench caving in, that he was familiar with all the conditions, having dug a number of such holes on the street, and that he assumed the risk.

It is, we think, clear from the undisputed evidence that appellee assumed the risk of working in this hole. He was sent there, according to his own statement, with directions to take a helper and lay the pipe. If he thought there was danger of the side of the ditch caving in upon him, he was at liberty to take such precautions to protect himself as he thought necessary. Planking which could be used for the purpose was at hand. The possibility of the sides of a trench or hole caving in was obviously an ordinary risk, incident to the business of digging such holes, in which work appellee was regularly engaged, with which he was entirely familiar and for which he was employed. It was apparently left to him to determine for himself whether the conditions were such as to make it necessary to "shore" the sides. It is true an employee does not assume all risks which may be incident to his employment, but he assumes such usual and ordinary risks incident to his employment as the master must rely on him and has a right to expect him to detect and guard against which cannot be obviated by reasonable precautions by the master and where the means of protection are within the employee's own control. The law does not require the master to take better care of the employee than the latter is willing to take of himself. Appellee was, as we have said, familiar with the manner of digging and laying pipe in ditches or trenches of this kind. He knew it was not usually necessary to "shore" them with plank. It is not a case of shoring negligently done by the employer, nor of failure to furnish appellee a safe place in which to work. In Simmons v. Chicago & Tomah R. R. Co., 110 Ill., 340–347, it is said an employee "must himself use due care and caution to avoid injury. If he has full knowledge of all the perils of a particular service he may decline to engage in it or require that it shall first be made safe; but if he does thus enter it he assumes the risk and must bear the consequences"; and further

that "if a servant knowing the hazards of his employment as the business is conducted is injured while engaged therein he cannot maintain an action against the master for the injury merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury." In the present case the fact that appellee may have had nothing to do with the digging of the particular hole in question, that it had been dug before he went into it by some of his fellow employees, does not change the fact that he was entirely familiar with the manner in which the hole was dug, with the character of the soil in the street, with whatever hazards there were as the business was conducted.

In the view we are obliged to take it is not necessary to consider at length objections urged to the giving and refusal of instructions, further than to say that the first instruction given in behalf of plaintiff is, we think, manifestly erroneous. It assumes the existence of "unusual or extraordinary risks and hazards arising out of the negligence of the" defendant.

The judgment of the Superior Court will be reversed with a finding of facts.

*Reversed.*